UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARISE KING,

    Plaintiff,

v.                                                Case No: 2:18-cv-12529

WORLD KITCHEN, LLC n/k/a
CORELLE BRANDS, LLC,

    Defendant.

_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant World Kitchen, LLC, n/k/a Corelle Brands, LLC, for its Answer to the Complaint of Plaintiff Parise King, states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. Admitted.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant admits that it is a foreign limited liability company whose sole member, Corelle Brand Holdings, Inc., is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

Defendant denies that it does business within the State of Michigan because it has no offices or manufacturing facilities in the State of Michigan.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT I - NEGLIGENCE

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Denied because untrue.

12. Denied because untrue.

13. Denied because untrue.

14. Denied because untrue.

15. Denied because untrue.

16. Denied because untrue.

WHEREFORE, Defendant Corelle Brands, LLC requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and attorney fees incurred.

## COUNT II – IMPLIED WARRANTY

17. Denied because untrue.

18. Denied because untrue.

WHEREFORE, Defendant Corelle Brands, LLC requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and attorney fees incurred.

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

In further answer to Plaintiff's Complaint, Corelle Brands, LLC states that all or part of Plaintiff's claims are barred by the following Affirmative and/or Special Defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Plaintiff has failed to mitigate her damages.

4. Plaintiff's comparative fault caused or contributed to the incident that allegedly occurred.

5. The production of the product was in accordance with the generally recognized and prevailing nongovernmental standards in existence at the time the specific unit of the product was sold or delivered by Defendant to the initial purchaser or user.

6. The product was reasonably safe at the time it left the control of Defendant.

7. According to generally accepted production practices at the time the product left the control of Defendant, a practical and technically feasible alternative production practice was not available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

8. The product in question complied with all applicable federal or state statutes, standards, regulations, or specifications.

9. The alleged harm was caused by an inherent characteristic of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and was or should have been recognized by a personal with the ordinary knowledge common to the community.

10. Pamphlets, booklets, labels, instructions, packaging, or other written warnings were provided with the product that gave notice to foreseeable users of the material risk of injury, death, or damage connected with the foreseeable use of

the product or provided instructions as to the foreseeable uses, applications, or limitations of the product.

11. Plaintiff subjected herself to a material risk that was or should have been obvious to a reasonably prudent product user or a material risk that is or should be a matter of common knowledge to persons in the same or similar position as Plaintiff.

12. There was an alteration or material change in the product or deterioration or damage to the product caused by failure to obey routine care and maintenance after the product left the control of Defendant.

13. Plaintiff assumed the risk of her alleged injuries.

14. Defendant intends to rely upon all defenses permitted by the Michigan Products Liability Act, MCL 600.2945 *et seq*.

15. No act or omission on the part of Defendant proximately caused the alleged accident, injuries or damages of which Plaintiff complains.

16. The product may have been used in a manner that was not reasonably expectable.

17. The product may have been misused, or used (a) inconsistent with the specifications and standards applicable to the product, (b) contrary to a warning or instruction provided by Defendant, or (c) other than for which the product would

be considered suitable by a reasonably prudent person in the same or similar circumstances.

18. Pamphlets, booklets, labels, instructions, packaging, or other written materials provided with the product may have included a valid, conspicuous, and enforceable waiver of all express or implied warranties of merchantability and express or implied warranties of fitness for a particular purpose.

19. Pamphlets, booklets, labels, instructions, packaging, or other written materials provided with the product may have included a valid, conspicuous, and enforceable limitation on Plaintiff's remedies and damages.

20. There may have been superseding, intervening and/or intentional acts by Plaintiff and/or other persons or entities that were not foreseeable to Defendant.

21. To the extent applicable, Defendant relies on MCL 600.2946a for the limitation of damages for noneconomic loss.

22. The alleged product was destroyed or discarded by Plaintiff, therefore depriving Defendant of any ability to test or inspect the alleged product.

23. Defendant is entitled to a credit or set-off to the extent that Plaintiff received any payments from any other source including, but not limited to workers' compensation.

24. Plaintiff was aware of any alleged defect or danger but nevertheless proceeded unreasonably to make use of the product.

25. Plaintiff's alleged damages may have been proximately caused by unforeseeable material alterations or modifications to the product after its delivery to the consumer.

26. The condition complained of was open and obvious to the Plaintiff.

27. Defendant reserves the right to list additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, Corelle Brands, LLC requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and attorney fees incurred.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: s/ James E. DeLine
   James E. DeLine (P45205)
Attorneys for Defendant
500 Woodward Ave., Suite 2500
Detroit MI 48226-3427
(313) 961-0200
jdeline@kerr-russell.com

Dated: September 11, 2018

## CERTIFICATE OF SERVICE

     I hereby certify that on September 11, 2018 I electronically filed the foregoing Answer to Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system, and notification of such filing will be sent to the following by U.S. First Class Mail:


Dated:  September 11, 2018      **KERR, RUSSELL AND WEBER, PLC**

                                        By:  s/James E. DeLine
                                             James E. DeLine (P45205)
                                        Attorneys for Defendant
                                        500 Woodward Ave., Suite 2500
                                        Detroit MI 48226-3427
                                        (313) 961-0200
                                        jdeline@kerr-russell.com