UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARISE KING,

    Plaintiff,

v

CORELLE BRANDS, LLC,
formerly doing business as
WORLD KITCHEN, LLC, a division of
WK ACQUISITION HOLDINGS INC.,

    Defendant.
_____/

Case No. 2:18-cv-12529

HON. SEAN F. COX
District Court Judge

## AMENDED COMPLAINT

NOW COMES Plaintiff, Parise King, by and through her attorneys, KONING & JILEK, P.C., and for her Amended Complaint against the Defendant, states as follows:

### INTRODUCTORY ALLEGATIONS

1. This lawsuit involves serious personal injuries to Plaintiff which occurred when a Pyrex dish exploded, causing serious injuries to Plaintiff on November 23, 2016.

2. The amount in controversy exceeds the jurisdictional minimum for this Court.

3. Plaintiff, at all times relevant, is and was a resident of Wayne County, State of Michigan.

4. Defendant is headquartered in Rosemont, Illinois and does business within the State of Michigan.

5. This matter was removed by the Defendant to this Court and Plaintiff agrees that this Court has jurisdiction.

## BACKGROUND ALLEGATIONS AND NATURE OF THE DEFECT

6. Corelle Brands designs, manufactures, markets, and sells a wide range of bakeware, dinnerware, kitchen and household tools, cookware, kitchen storage, and cutlery, touting itself as "the vanguard in the housewares industry since the 19th century." Until early 2018, Corelle Brands, LLC was named and doing business as World Kitchen, LLC.

7. Corelle Brands sells its products under a number of brand names. One of those brands is Pyrex, a glass company that since 1919 has manufactured, marketed, and sold glass cookware and other glassware items. For decades, Pyrex was known and advertised to consumers as "oven to ice-box" or "ice-box to oven" cookware because of its resistance to extreme changes in temperature. This resistance to extreme temperature changes resulted from Pyrex products being made of borosilicate glass, which has a high thermal shock resistance.

8. In its original patent application dated May 27, 1919, Corning Glass Works (the former parent company and manufacturer of Pyrex glass until the formation of World Kitchen, LLC, which later became Corelle Brands, LLC) specifically stated that its products would be made of borosilicate glass due to its high coefficient for thermal endurance.

9. At some point around 1998, when Corelle Brands, LLC was formed (as World Kitchen, LLC), Pyrex began making its glassware from tempered soda lime silicate glass, rather than with borosilicate glass.

10. Borosilicate glass, which prior to roughly 1998 was used to make Pyrex Glassware, has a low "coefficient of thermal expansion." This makes borosilicate glass very resistant to thermal shock – or maximum change in surface temperature which a material can withstand without cracking, breaking, shattering, or exploding. In contrast, soda lime silicate glass, which is the

cheapest form of commercial glass to produce and has been used to make Pyrex Glassware since roughly 1998, has a very high coefficient of thermal expansion and a very poor thermal shock resistance. Accordingly, soda lime silicate glass is much more prone to cracking, breaking, shattering, or exploding when exposed to rapid changes in temperature. For this reason, borosilicate glass is "stronger and harder than soda lime [silicate] glass" and is used to make laboratory-grade glass ware and "quality cookware."

11.     Soda lime silicate glass can only withstand much smaller changes in temperature before fracturing, as compared to the changes in temperature that "traditional" Pyrex made from borosilicate glass were able to withstand. Nevertheless, Corelle Brands began selling its soda lime silicate glass products under the Pyrex brand name without informing consumers of the change in its glass composition, and without giving consumers notice of the risks and dangers posed by Pyrex products manufactured from heat-tempered soda lime silicate glass.

12.     Various studies have demonstrated the significant differences in thermal endurance and resistance to temperature change when comparing borosilicate glass to soda lime silicate glass. For example, Dr. Richard Bradt, a materials scientist and professor emeritus at the University of Alabama whose expertise includes glass, conducted an independent experiment along with another scientist to determine the thermal shock resistance of pure soda lime silicate glass (the material currently used to manufacture Pyrex-brand glass cookware), when compared to borosilicate glass (the material from which traditional Pyrex glass cookware was manufactured). Dr. Bradt's findings demonstrated that borosilicate glass can withstand a 333-degree Fahrenheit change in temperature (hereinafter expressed symbolically, e.g. 333˚F) before fracturing while soda lime silicate glass can withstand a temperature change of only 99˚F before fracturing.

13. In 2012, Corelle Brands attempted to discredit the findings of Dr. Bradt and his colleagues. Corelle unsuccessfully sued the scientists and a publication for alleged violations of the Illinois Deceptive Trade Practices Act ("DTPA") in the United States District Court for the Northern District of Illinois. World Kitchen, LLC v. The American Ceramic Society, et al., Case No. 12-cv-8626 (N.D. Ill.). In its complaint, Corelle Brands alleged that Dr. Bradt and his colleagues violated the DTPA by publishing an article stating that the thermal shock resistance of the heat-tempered soda lime silicate glass from which Pyrex Glassware is made is only 99°F. Corelle alleged that this information was false, deceptive, and misleading to consumers. After a bench trial, in which Corelle Brands presented neither credible testimony nor admissible evidence to prove the falsity or misleading nature of any of Dr. Bradt's findings, the court ruled in favor of Dr. Bradt and his co-defendants. The court found no evidence refuting Dr. Bradt's findings that the thermal shock resistance of Corelle Brands' Pyrex brand soda lime silicate glass cookware is only 99°F, stating that "nothing in the record establishes that this value is false." World Kitchen, LLC v. The American Ceramic Society, et al., Case No. 12-cv-8626, 2016 U.S. Dist. LEXIS 85717, at *20 (N.D. Ill. June 30, 2016). Corelle Brands appealed the court's judgment but later voluntarily dismissed its appeal. World Kitchen, LLC v. Bradt, No. 19-3082, 2017 U.S. App. LEXIS 15391 (7th Cir. Feb. 28, 2017).

14. Corelle Brands continued its attempt to discredit the findings of Dr. Bradt's study and similar studies on its website in a section called "The Truth About Pyrex." The stated purpose of that particular section of the website is that Corelle Brands "want[s] you to know about reports mischaracterizing and wrongly disparaging the reliability, durability and excellent safety record of American-made glass cookware made from heat-strengthened soda lime glass."

## NATURE OF THIS ACTION

15. Corelle Brands designed, manufactured, marketed, and sold its soda lime silicate Pyrex Glassware that suffers from a serious and dangerous defect. Specifically, during ordinary and routine use, Pyrex Glassware products manufactured from partially tempered soda lime silicate glass ("Pyrex Glassware") are prone to abrupt and dangerous shattering when exposed to temperature changes that reasonable consumers expect Pyrex Glassware to withstand based upon the product's history, advertising, and the company's express claims related to its durability (the "Defect").

## SPECIFIC ALLEGATIONS

16. On or about November 23, 2016, a Pyrex glass dish shattered while being used by Plaintiff, causing shards of glass to separate from the dish; one shard fell towards the floor, landing on and in Plaintiff's foot.

17. Plaintiff, who was baking with the dish just prior to it shattering, followed all directions given by the manufacturer.

18. As a result of the exploding dish, a shard of glass fell towards Plaintiff's foot, the shard cut Plaintiff's foot, and the shard of glass severed a nerve and caused other damage.

19. As a direct and proximate result of the broken glass, Plaintiff suffered:

    a. medical bills;

    b. pain and suffering;

    c. disability;

    d. mental distress and/or anguish;

    e. a loss of employability;

    f. a loss of life's enjoyments; and

      g.      other damages allowed under Michigan law.

## COUNT I - NEGLIGENCE

20. The Pyrex glassware at issue in this lawsuit was designed, manufactured, and sold by the Defendant.

21. Upon information and belief, the date of manufacture of the Pyrex dish was 2014.

22. At all times relevant, Defendant owed a duty to Plaintiff and to the public in general to:

      a.      properly manufacture its products;

      b.      properly design its products;

      c.      properly test its products; and

      d.      discontinue or alter manufacturing when prior problems were discovered with the manufacture and design of the product.

23. Defendant breached these duties by committing or omitting the following facts:

      a.      failing to properly manufacture its products;

      b.      failing to properly design its products;

      c.      failing to properly test its products; and

      d.      failing to discontinue or alter manufacturing when prior problems were discovered with the manufacture and design of the product.

24. The product was not reasonably safe at the time it left the control of Defendant manufacturer.

25. At the time the product left the control of Defendant manufacturer, a technically feasible alternative production practice was available that would have prevented the harm without

significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

26. These breaches of duty proximately caused the damages previously described in this Complaint.

27. As a direct and proximate result of the negligence of the Defendant manufacturer, designer, and seller, Plaintiff has and will suffer the damages heretofore described.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant in an amount which will fairly and adequately compensate Plaintiff for her injuries, together with costs of this action, interest, and attorney fees.

## COUNT II - IMPLIED WARRANTY

28. The Pyrex bake dish which exploded and injured Plaintiff was not fit for the purposes and anticipated or reasonably foreseen by the Defendant manufacturer when it left Defendant's control.

29. As a direct and proximate result of the breach of implied warranty by Defendant, Plaintiff was injured as previously described.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant in an amount which will fairly and adequately compensate Plaintiff for her injuries, together with costs of this action, interest, and attorney fees.

        Respectfully submitted,

        KONING & JILEK, P.C.

Dated: January 17, 2019        /s/ James H. Koning
        James H. Koning (P31622)
        Attorney for Plaintiff
        Koning & Jilek, P.C.
        8080 Moorsbridge Road, Suite 103
        Portage, MI 49024
        (269) 343-1500
        jkoning@koningjilek.com

## **RELIANCE ON JURY DEMAND**

Plaintiff relies on the Jury Demand, previously demanded.

        KONING & JILEK, P.C.

Dated: January 17, 2019        /s/ James H. Koning
        James H. Koning (P31622)
        Attorney for Plaintiff
        Koning & Jilek, P.C.
        8080 Moorsbridge Road, Suite 103
        Portage, MI 49024
        (269) 343-1500
        jkoning@koningjilek.com