UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARISE KING,

    Plaintiff,

v.                                    Case No: 2:18-cv-12529

CORELLE BRANDS LLC,

    Defendant.

_____/

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Corelle Brands LLC, for its answer to plaintiff's amended complaint, states as follows:

**INTRODUCTORY ALLEGATIONS**

1.  This lawsuit involves serious personal injuries to Plaintiff which occurred when a Pyrex dish exploded, causing serious injuries to Plaintiff on November 23, 2016.

    **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2.  The amount in controversy exceeds the jurisdictional minimum for this Court.

**ANSWER:** Admitted.

3. Plaintiff, at all times relevant, is and was a resident of Wayne County, State of Michigan.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant is headquartered in Rosemont, Illinois and does business within the State of Michigan.

**ANSWER:** Defendant admits that it is a foreign limited liability company whose sole member, Corelle Brand Holdings, Inc., is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Illinois. Defendant denies that it does business within the State of Michigan because it has no offices or manufacturing facilities in the State of Michigan.

5. This matter was removed by the Defendant to this Court and Plaintiff agrees that this Court has jurisdiction.

**ANSWER:** Admitted

## BACKGROUND ALLEGATIONS AND NATURE OF THE DEFECT

6. Corelle Brands designs, manufactures, markets, and sells a wide range of bakeware, dinnerware, kitchen and household tools, cookware, kitchen storage,

and cutlery, touting itself as "the vanguard in the housewares industry since the 19th century." Until early 2018, Corelle Brands, LLC was named and doing business as World Kitchen, LLC.

**ANSWER:** Defendant admits the allegations in Paragraph 6 and respectfully refers the Court to the quoted sources for their complete and accurate content.

7. Corelle Brands sells its products under a number of brand names. One of those brands is Pyrex, a glass company that since 1919 has manufactured, marketed, and sold glass cookware and other glassware items. For decades, Pyrex was known and advertised to consumers as "oven to ice-box" or "ice-box to oven" cookware because of its resistance to extreme changes in temperature. This resistance to extreme temperature changes resulted from Pyrex products being made of borosilicate glass, which has a high thermal shock resistance.

**ANSWER:** Defendant denies the allegations in Paragraph 7, except admits that Defendant sells products under a number of brand names and currently manufactures and sells Pyrex glassware.

8. In its original patent application dated May 27, 1919, Corning Glass Works (the former parent company and manufacturer of Pyrex glass until the formation of World Kitchen, LLC, which later became Corelle Brands, LLC)

specifically stated that its products would be made of borosilicate glass due to its high coefficient for thermal endurance.

**ANSWER:** Defendant denies the allegations in Paragraph 8, except admits that Defendant previously did business as World Kitchen, LLC, and respectfully refers the Court to the May 27, 1919 patent application for its complete and accurate content.

9. At some point around 1998, when Corelle Brands, LLC was formed (as World Kitchen, LLC), Pyrex began making its glassware from tempered soda lime silicate glass, rather than with borosilicate glass.

**ANSWER:** Defendant denies the allegations in Paragraph 9, except admits that Defendant has manufactured Pyrex glassware from tempered soda lime glass since 1998.

10. Borosilicate glass, which prior to roughly 1998 was used to make Pyrex Glassware, has a low "coefficient of thermal expansion." This makes borosilicate glass very resistant to thermal shock – or maximum change in surface temperature which a material can withstand without cracking, breaking, shattering, or exploding. In contrast, soda lime silicate glass, which is the cheapest form of commercial glass to produce and has been used to make Pyrex Glassware since roughly 1998, has a very high coefficient of thermal expansion and a very poor

thermal shock resistance. Accordingly, soda lime silicate glass is much more prone to cracking, breaking, shattering, or exploding when exposed to rapid changes in temperature. For this reason, borosilicate glass is "stronger and harder than soda lime [silicate] glass" and is used to make laboratory-grade glass ware and "quality cookware."

**ANSWER:** Defendant denies the allegations in Paragraph 10, except admits that Defendant has manufactured Pyrex glassware from tempered soda lime glass since 1998. Defendant respectfully refers the Court to the quoted sources for their complete and accurate content.

11. Soda lime silicate glass can only withstand much smaller changes in temperature before fracturing, as compared to the changes in temperature that "traditional" Pyrex made from borosilicate glass were able to withstand. Nevertheless, Corelle Brands began selling its soda lime silicate glass products under the Pyrex brand name without informing consumers of the change in its glass composition, and without giving consumers notice of the risks and dangers posed by Pyrex products manufactured from heat-tempered soda lime silicate glass.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11.

12.     Various studies have demonstrated the significant differences in thermal endurance and resistance to temperature change when comparing borosilicate glass to soda lime silicate glass. For example, Dr. Richard Bradt, a materials scientist and professor emeritus at the University of Alabama whose expertise includes glass, conducted an independent experiment along with another scientist to determine the thermal shock resistance of pure soda lime silicate glass (the material currently used to manufacture Pyrex-brand glass cookware), when compared to borosilicate glass (the material from which traditional Pyrex glass cookware was manufactured). Dr. Bradt's findings demonstrated that borosilicate glass can withstand a 333-degree Fahrenheit change in temperature (hereinafter expressed symbolically, e.g. 333F) before fracturing while soda lime silicate glass can withstand a temperature change of only 99 F before fracturing.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12. Defendant respectfully refers the Court to the referenced study for its complete and accurate content.

13.     In 2012, Corelle Brands attempted to discredit the findings of Dr. Bradt and his colleagues. Corelle unsuccessfully sued the scientists and a publication for alleged violations of the Illinois Deceptive Trade Practices Act ("DTPA") in the United States District Court for the Northern District of Illinois.

World Kitchen, LLC v. The American Ceramic Society, et al., Case No. 12-cv-8626 (N.D. Ill.). In its complaint, Corelle Brands alleged that Dr. Bradt and his colleagues violated the DTPA by publishing an article stating that the thermal shock resistance of the heat-tempered soda lime silicate glass from which Pyrex Glassware is made is only 'F. Corelle alleged that this information was false, deceptive, and misleading to consumers. After a bench trial, in which Corelle Brands presented neither credible testimony nor admissible evidence to prove the falsity or misleading nature of any of Dr. Bradt's findings, the court ruled in favor of Dr. Bradt and his co-defendants. The court found no evidence refuting Dr. Bradt's findings that the thermal shock resistance of Corelle Brands' Pyrex brand soda lime silicate glass cookware is only 'F, stating that "nothing in the record establishes that this value is false." World Kitchen, LLC v. The American Ceramic Society, et al., Case No. 12-cv-8626, 2016 U.S. Dist. LEXIS 85717, at *20 (N.D. Ill. June 30, 2016). Corelle Brands appealed the court's judgment but later voluntarily dismissed its appeal. World Kitchen, LLC v. Bradt, No. 19-3082, 2017 U.S. App. LEXIS 15391 (7th Cir. Feb. 28, 2017).

**ANSWER:** Defendant denies the allegations in Paragraph 13, except admits that it commenced the cited litigation and appeal and voluntarily dismissed the appeal and that the quoted language appears in the cited source. Defendant

respectfully refers the Court to the dockets of the litigation and appeal and to the cited document for their complete and accurate content.

14. Corelle Brands continued its attempt to discredit the findings of Dr. Bradt's study and similar studies on its website in a section called "The Truth About Pyrex." The stated purpose of that particular section of the website is that Corelle Brands "want[s] you to know about reports mischaracterizing and wrongly disparaging the reliability, durability and excellent safety record of American-made glass cookware made from heat-strengthened soda lime glass."

**ANSWER:** Defendant denies the allegations contained in Paragraph 14, except admits that it previously maintained a page on its a website called "The Truth About Pyrex" that contained the quoted language.

## NATURE OF THIS ACTION

15. Corelle Brands designed, manufactured, marketed, and sold its soda lime silicate Pyrex Glassware that suffers from a serious and dangerous defect. Specifically, during ordinary and routine use, Pyrex Glassware products manufactured from partially tempered soda lime silicate glass ("Pyrex Glassware") are prone to abrupt and dangerous shattering when exposed to temperature changes that reasonable consumers expect Pyrex Glassware to withstand based upon the

product's history, advertising, and the company's express claims related to its durability (the "Defect").

**ANSWER:** Defendant denies the allegations in Paragraph 15.

### SPECIFIC ALLEGATIONS

16. On or about November 23, 2016, a Pyrex glass dish shattered while being used by Plaintiff, causing shards of glass to separate from the dish; one shard fell towards the floor, landing on and in Plaintiff's foot.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Plaintiff, who was baking with the dish just prior to it shattering, followed all directions given by the manufacturer.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. As a result of the exploding dish, a shard of glass fell towards Plaintiff's foot, the shard cut Plaintiff's foot, and the shard of glass severed a nerve and caused other damage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. As a direct and proximate result of the broken glass, Plaintiff suffered:

    a.    medical bills;

    b.    pain and suffering;

    c.    disability;

    d.    mental distress and/or anguish;

    e.    a loss of employability;

    f.    a loss of life's enjoyments; and

    g.    other damages allowed under Michigan law.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### COUNT I - NEGLIGENCE

20.    The Pyrex glassware at issue in this lawsuit was designed, manufactured, and sold by the Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21.    Upon information and belief, the date of manufacture of the Pyrex dish was 2014.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. At all times relevant, Defendant owed a duty to Plaintiff and to the public in general to:

   a. properly manufacture its products;

   b. properly design its products;

   c. properly test its products; and

   d. discontinue or alter manufacturing when prior problems were discovered with the manufacture and design of the product.

   **ANSWER:** Denied because untrue.

23. Defendant breached these duties by committing or omitting the following facts:

   a. failing to properly manufacture its products;

   b. failing to properly design its products;

   c. failing to properly test its products; and

   d. failing to discontinue or alter manufacturing when prior problems were discovered with the manufacture and design of the product.

   **ANSWER:** Denied because untrue.

24. The product was not reasonably safe at the time it left the control of Defendant manufacturer.

   **ANSWER:** Denied because untrue.

25. At the time the product left the control of Defendant manufacturer, a technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

**ANSWER:** Denied because untrue.

26. These breaches of duty proximately caused the damages previously described in this Complaint.

**ANSWER:** Denied because untrue.

27. As a direct and proximate result of the negligence of the Defendant manufacturer, designer, and seller, Plaintiff has and will suffer the damages heretofore described.

**ANSWER:** Denied because untrue.

## COUNT II - IMPLIED WARRANTY

28. The Pyrex bake dish which exploded and injured Plaintiff was not fit for the purposes and anticipated or reasonably foreseen by the Defendant manufacturer when it left Defendant's control.

**ANSWER:** Denied because untrue.

29. As a direct and proximate result of the breach of implied warranty by Defendant, Plaintiff was injured as previously described.

**ANSWER:** Denied because untrue.

WHEREFORE, Defendant Corelle Brands LLC requests that this Court dismiss Plaintiff's Amended Complaint with prejudice and award Defendant its costs and attorney fees incurred.

                                          **KERR, RUSSELL AND WEBER, PLC**

                                          By: /s/ James E. DeLine
                                                James E. DeLine (P45205)
                                          Attorneys for Defendant
                                          500 Woodward Avenue, Suite 2500
                                          Detroit, MI 48226
                                          (313) 961-0200
Dated: February 11, 2019         jdeline@kerr-russell.com

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

In further answer to plaintiff's amended complaint, Corelle Brands LLC states that all or part of plaintiff's claims are barred by the following affirmative and/or special defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Plaintiff has failed to mitigate her damages.

4. Plaintiff's comparative fault caused or contributed to the incident that allegedly occurred.

5. The production of the product was in accordance with the generally recognized and prevailing nongovernmental standards in existence at the time the specific unit of the product was sold or delivered to the initial purchaser or user.

6. The product was reasonably safe at the time it left the control of the manufacturer.

7. According to generally accepted production practices at the time the product left the control of the manufacturer, a practical and technically feasible alternative production practice was not available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

8. The product in question complied with all applicable federal or state statutes, standards, regulations, or specifications.

9. The alleged harm was caused by an inherent characteristic of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and was or should have been recognized by a personal with the ordinary knowledge common to the community.

10. Pamphlets, booklets, labels, instructions, packaging, or other written warnings were provided with the product that gave notice to foreseeable users of the material risk of injury, death, or damage connected with the foreseeable use of the product or provided instructions as to the foreseeable uses, applications, or limitations of the product.

11. Plaintiff subjected herself to a material risk that was or should have been obvious to a reasonably prudent product user or a material risk that is or should be a matter of common knowledge to persons in the same or similar position as Plaintiff.

12. There was an alteration or material change in the product or deterioration or damage to the product caused by failure to obey routine care and maintenance after the product left the control of the manufacturer.

13. Plaintiff assumed the risk of her alleged injuries.

14. Defendant intends to rely upon all defenses permitted by the Michigan Products Liability Act, MCL 600.2945 *et seq*.

15. No act or omission on the part of defendant proximately caused the alleged accident, injuries or damages of which plaintiff complains.

16. The product may have been used in a manner that was not reasonably expectable.

17. The product may have been misused, or used (a) inconsistent with the specifications and standards applicable to the product, (b) contrary to a warning or instruction provided with the product, or (c) other than for which the product would be considered suitable by a reasonably prudent person in the same or similar circumstances.

18. Pamphlets, booklets, labels, instructions, packaging, or other written materials provided with the product may have included a valid, conspicuous, and enforceable waiver of all express or implied warranties of merchantability and express or implied warranties of fitness for a particular purpose.

19. Pamphlets, booklets, labels, instructions, packaging, or other written materials provided with the product may have included a valid, conspicuous, and enforceable limitation on plaintiff's remedies and damages.

20. There may have been superseding, intervening and/or intentional acts by plaintiff and/or other persons or entities that were not foreseeable to defendant.

21. To the extent applicable, defendant relies on MCL 600.2946a for the limitation of damages for noneconomic loss.

22. The alleged product was destroyed or discarded by plaintiff in whole or in part, therefore depriving defendant of the ability to test or inspect the alleged product.

23. Defendant is entitled to a credit or set-off to the extent that plaintiff received any payments from any other source including without limitation workers' compensation or Social Security.

24. Plaintiff was aware of any alleged defect or danger but nevertheless proceeded unreasonably to make use of the product.

25. Plaintiff's alleged damages may have been proximately caused by unforeseeable material alterations or modifications to the product after its delivery to the consumer.

26. The condition complained of was open and obvious to the plaintiff.

27. Defendant reserves the right to list additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, Corelle Brands LLC requests that this Court dismiss plaintiff's amended complaint with prejudice and award defendant its costs and attorney fees incurred.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: /s/ James E. DeLine
    James E. DeLine (P45205)
Attorneys for Defendant
500 Woodward Ave., Suite 2500
Detroit MI 48226-3427
(313) 961-0200
jdeline@kerr-russell.com

Dated:  February 11, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2019 I electronically filed the foregoing Defendants Answer to Amended Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system.

                            **KERR, RUSSELL AND WEBER, PLC**

                            By:   /s/ James E. DeLine
                               James E. DeLine (P45205)
                            Attorneys for Defendant
                            500 Woodward Ave., Suite 2500
                            Detroit MI 48226-3427
                            (313) 961-0200
Dated: February 11, 2019        jdeline@kerr-russell.com